IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| LUIS ALFREDO PEREZ, | § |
| | § |
| Petitioner, | § |
| | § |
| v. | § No. 4:17-CV-882-Y |
| | § |
| LORIE DAVIS, Director, | § |
| Texas Department of Criminal | § |
| Justice, Correctional | § |
| Institutions Division, | § |
| | § |
| Respondent. | § |

## OPINION AND ORDER

Before the Court is a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 filed by petitioner Luis Alfredo Perez, a state prisoner, against Lorie Davis, director of the Texas Department of Criminal Justice, Correctional Institutions Division (TDCJ), Respondent. After having considered the pleadings and relief sought by Petitioner, the Court has concluded that the petition should be dismissed as time-barred.

## I. FACTUAL AND PROCEDURAL HISTORY

On October 31, 2012, in the 213th Judicial District Court, Tarrant County, Texas, Case No. 1245990D, Petitioner entered an open plea of guilty to murdering Maria Ramirez by shooting her with a firearm. (Clerk's R. 150-55, doc. 12-2.) On February 19, 2013, following completion of a presentence investigation report, the trial court held a hearing and assessed Petitioner's punishment at fifty years' confinement in TDCJ. (Id. at 160.) Petitioner appealed

his sentence, but the state appellate court affirmed the trial court's judgment and the Texas Court of Criminal Appeals refused his petition for discretionary review. (CCA Cover Sheet, doc. 12-1.) On January 24, 2017,[1] Petitioner filed a postconviction state habeas-corpus application challenging his conviction on competency-related grounds, which was denied by the Texas Court of Criminal Appeals without written order on the findings of the trial court. (SHR01 7-11 & Action Taken, docs. 12-13, 12-14.[2]) This federal petition was filed on October 20, 2017.[3]

## II. ISSUES

Petitioner raises the following grounds for habeas relief:

(1) He was denied effective assistance of trial counsel because counsel advised him to plead guilty despite insufficient evidence that the victim died from a gunshot wound inflicted by him;

(2) He was denied effective assistance of trial counsel because counsel failed to request a "punishment phase finding of sudden passion";

(3) His guilty plea was unintelligently made and had he known that there was insufficient evidence to prove that the victim's cause of death was from a gunshot

---

[1]Petitioner's state habeas application is deemed filed when placed in the prison mailing system. *Richards v. Thaler*, 710 F.3d 573, 578-79 (5th Cir. 2013). The application does not provide the date Petitioner placed it in the prison mailing system, however he signed the document on January 24, 2017. (SHR01 18-19, doc. 12-14.) Thus, for purposes of this opinion the application is deemed filed on that date.

[2]"SHR01" refers to the record of Petitioner's state habeas proceeding in WR-87,029-01.

[3]Similarly, a federal habeas petition filed by a prisoner is deemed filed when the petition is placed in the prison mailing system. *Spotville v. Cain*, 149 F.3d 374, 377 (5th Cir. 1998).

wound inflicted by him, he would have insisted on going to trial; and

(4) He is actually innocent of murder based on newly discovered evidence "from Ben Taub hospital" revealing that the victim did not die from a gunshot wound inflicted by him.

(Pet. 6-7, 8, doc. 3.)

### III. STATUTE OF LIMITATIONS

Respondent alleges that the petition is untimely under the federal statute of limitations. (Resp't's Answer 4-10, doc. 14.) Title 28, United States Code, § 2244(d) imposes a one-year statute of limitations on federal petitions for writs of habeas corpus filed by state prisoners. Section 2244(d) provides:

> (1) A 1-year period of limitations shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitations period shall run from the latest of–
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

3

>     (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitations under this subsection.

28 U.S.C. § 2244(d)(1)-(2).

With limited exceptions not applicable here, under subsection (A), the limitations period began to run on the date on which the judgment of conviction became final by the expiration of the time for seeking direct review. For purposes of this case, Petitioner's conviction became final upon expiration of the time that he had for filing a petition for writ of certiorari in the United States Supreme Court on August 11, 2015. *Id.* § 2244(d)(1)(A); *Jimenez v. Quarterman,* 565 U.S. 134, 119-20 (2009); SUP. CT. R. 13. Therefore, the statute of limitations began to run the following day and closed one year later on August 10, 2016, absent any tolling.[4]

Tolling of the limitations period may be appropriate under the statutory tolling provision in § 2244(d)(2) and/or as a matter of equity. Under the statute, Petitioner's state habeas application filed after limitations had already expired did not operate to toll the limitations period. *Moore v. Cain,* 298 F.3d 361, 366-67 (5th Cir. 2002); *Scott v. Johnson,* 227 F.3d 260, 263 (5th Cir. 2000). Nor has Petitioner demonstrated that he is entitled to tolling as a matter of equity. For equitable tolling to apply, a petitioner must show (1) that he has been pursuing his rights diligently and

---

[4]The year 2016 was a leap year.

(2) that some extraordinary circumstance stood in his way and prevented him from filing a timely petition or he can make a "convincing showing" that he is actually innocent of the crime for which he was convicted. *McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013); *Holland v. Florida*, 560 U.S. 631, 649 (2010) (quoting *Pace v. DiGuglielmo,* 544 U.S. 408 (2005)). A petitioner attempting to make a showing of actual innocence is required to produce "new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence"—sufficient to persuade the district court that "no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt." *McQuiggin,* 569 U.S. at 386 (quoting *Schup v. Delo,* 513 U.S. 298, 329 (1995)).

Petitioner claims that his delay was due to the lack of Spanish language "research books and rules" and his inability to read or write English. (Pet. 9, doc. 3.) However, the inability to speak or read the English language is a disability common to a lot of prisoners in the prison system and is not in itself a sufficient basis for equitable tolling. *See Zinsou v. Dretke,* No. 4:04-CV-556-A, 2004 WL 2381243, at *1 (N.D.Tex. Oct. 22, 2004); *Yang v. Archuleta,* 525 F.3d 925, 9929-30 (10th Cir. 2008); *Cobas v. Burgess,* 306 F.3d 441, 444 (6th Cir. 2002). Petitioner also claims that he has newly discovered evidence of his actual innocence in the form of the victim's hospital records, which allegedly reveal

5

that the victim did not die from a gunshot wound inflicted by him. (Pet. 7, 9, doc. 3.) However, he fails to provide the hospital records or any other proof of his assertion. "Absent evidence in the record, a court cannot consider a habeas petitioner's bald assertions on a critical issue in his pro se petition (in state and federal court), unsupported and unsubstantiated by anything else contained in the record, to be of probative evidentiary value." *Ross v. Estelle,* 694 F.2d 1008, 1011–12 & n.2 (5th Cir. 1983).

Accordingly, Petitioner's federal petition was due on or before August 10, 2016. His petition filed on October 20, 2017, is therefore untimely.[5]

For the reasons discussed, Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 is DISMISSED as time-barred.

Further, Federal Rule of Appellate Procedure 22 provides that an appeal may not proceed unless a certificate of appealability is issued under 28 U.S.C. § 2253. The certificate of appealability may issue "only where the petitioner has made a 'substantial showing of the denial of a constitutional right.'" *Miller-El v. Cockrell,* 537 U.S. 322, 336 (2003) (quoting 28 U.S.C. § 2253(c)(2)). "Under this standard, when a district court denies habeas relief by rejecting constitutional claims on their merits, 'the petitioner must

---

[5]Because the petition is untimely, it is not necessary to address Respondent's exhaustion and procedural-bar defense or alternative legal argument. (Resp't's Answer 10-13, doc. 14.)

6

demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong.'" *McGowen v. Thaler,* 675 F.3d 482, 498 (5th Cir. 2012) (quoting *Slack v. McDaniel,* 529 U.S. 473, 484 (2000)). When the district court denies the petition on procedural grounds without reaching the merits, the petitioner must show "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.* (quoting *Slack,* 529 U.S. at 484). This inquiry involves two components, but a court may deny a certificate of appealability by resolving the procedural question only. Petitioner has not made a showing that reasonable jurists would question this Court's procedural ruling. Therefore, a certificate of appealability should not issue.

SIGNED September 10, 2018.

_____
TERRY R. MEANS
UNITED STATES DISTRICT JUDGE